UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANASPREET SINGH,

Petitioner,

v.

GERALD MOSS, et al.,

Respondents.

No. 1:26-cv-09352-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 2, 3)

On November 13, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order seeking his immediate release from custody. (Doc. Nos. 1, 3.) That same day, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition that they have to the court's intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 16, 2026, respondents filed an opposition. (Doc. No. 7.) Therein, respondents argue that the petition should be denied because petitioner has failed to exhaust his

administrative remedies. (*Id.* at 2.) Respondents also argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that his prior entry into the United States on a visa did not provide him with a liberty interest in his continued freedom from detention. (*Id.* at 1–2.) Respondents state that they do not oppose this court ruling on the merits of the petition based on the present briefing (*id.* at 1), and the court will do so.

Based on the parties' submissions, the court finds the following facts. On or about December 10, 2023, petitioner entered the United States on a nonimmigrant visa, with authorization to remain in this country until June 9, 2024. (Doc. No. 1 at ¶ 19.) Petitioner stayed in this United States past his authorization date (Doc. No. 7-1 at 3), and it appears that he has not departed this country since his initial arrival. On or about November 14, 2024, petitioner applied for asylum and withholding of removal with United States Citizenship and Immigration Services. (Doc. Nos. 1 at ¶ 21; 7-1 at 3.) On or about September 9, 2026, ICE detained petitioner after his release from local law enforcement custody. (Doc. No. 7-1 at 3.)

In the pending petition, petitioner challenges his detention on due process grounds. (Doc. No. 1 at ¶¶ 54–79.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioners raise due process challenges to the procedures employed by immigration authorities. Accordingly, the court will turn to the merits of petitioner's case.

As to the merits of petitioner's claim, the court incorporates its reasoning set forth in *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026), *appeal dismissed*, No. 26-3277, 2026 WL 2446315 (9th Cir. June 18, 2026) where the court concluded that the government violated due process when it detained a petitioner who previously entered the United States on a visa, subsequently applied for asylum, and remained at liberty for a number of years before being detained without notice and a pre-deprivation hearing. Here, as in *Kalkan*, petitioner obtained a protected liberty interest in his continued freedom when the government made the determination not to immediately move to detain him when his visa

expired. As noted, respondent argues that petitioner did not obtain a liberty interest in his continued freedom from detention because he was originally admitted into the United States on a visa. (Doc. No. 7 at 1–2.) In support of this position, respondents cite several district court orders. *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172 (S.D. Cal. Mar. 20, 2026); *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761 (C.D. Cal. June 16, 2026); *Herrera v. Blanche*, No. 26-cv-01684-MLP, 2026 WL 1733493 (W.D. Wash. June 16, 2026). But the petitioners in those orders did not apply for asylum after their visa expired, a fundamentally different set of circumstances than are present here. Indeed, "[a]lthough the government did not detain and then release [petitioner], it made a decision not to detain [him] in the first place[,]" even when petitioner applied for asylum several months after his visa expired. *Kalkan*, 2026 WL 788112, at *1 (citation omitted). Therefore, the court is unpersuaded by respondents' argument in this regard. Accordingly, the court concludes that petitioner's detention without notice or a pre-detention hearing violates due process and will order immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner, Manaspreet Singh, A-File No. 242-392-910, from respondents' custody;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
    c. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to renewal on a properly noticed and supported motion;
2. Petitioner's motions for temporary restraining order (Doc. Nos. 2, 3) are DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Center; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE